DENNIS J. HERRERA, State Bar #139669
City Attorney
ELIZABETH S. SALVESON, STATE BAR # 83788
Chief Labor Attorney
LISA B. BERKOWITZ, State Bar #167657
Deputy City Attorney
Fox Plaza
1390 Market Street, 5th Floor
San Francisco, California 94102-5408
Telephone: (415) 554-3825
Facsimile: (415) 554-4248

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
KEVIN LYONS, DAN GILMAN, and MICHAEL SALDANHA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HATTIE M. FINN-CARTER,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; PUBLIC UTILITIES COMMISSION; KEVIN LYON, in his individual and official capacities; DAN GILMAN, in his individual and official capacities; MICHAEL SALDANHA, in his individual and official capacities; and DOES 1 THROUGH 50,<br><br>    Defendants. | Case No. C06-1067 JSW<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

**STIPULATION**

    WHEREAS, Plaintiff Hattie Finn-Carter ("Plaintiff") and Defendant City and County of San Francisco ("Defendant") agree and hereby stipulate to a protective order that all information exchanged and/or discovered in this action shall be used only in the above-entitled action for the purpose of this litigation, and only in accordance with the terms of this stipulation and order;

    WHEREAS, subject to this stipulation and order, Defendant is disclosing and producing certain copies of documents from Defendant's employee personnel files and other files; and whereas

Plaintiff seeks private information in discovery from Department employees and personal contact information in the City's possession regarding former City employees;

The parties hereby STIPULATE to the following:

1. <u>Designations</u>: Either party may designate documents, files, records or other information as "CONFIDENTIAL " and/or "ATTORNEY'S EYES ONLY."

2. <u>Scope and Access</u>:

(A) <u>Scope</u>: The designation of documents, files, records or other information as "CONFIDENTIAL" and/or "ATTORNEY'S EYES ONLY" shall be used to protect privacy rights which may be implicated in producing the following, which includes but is not limited to: personnel records of PUC employees, personal addresses of former PUC employees to the extent the City has knowledge of such information, employee complaints and grievances against the named defendants, and other confidential information. Either party is entitled to designate material as "CONFIDENTIAL" and/or "ATTORNEY'S EYES ONLY."

(B) <u>Access To "CONFIDENTIAL" and/or "ATTORNEY'S EYES ONLY" Materials</u>: Any documents, files, records or other information designated by one party as "CONFIDENTIAL" and/or "ATTORNEY'S EYES ONLY" shall not be exhibited or disclosed by the other party's counsel to other persons except as follows, unless authorized by further order of the Court:

(i) the court and court reporters;
(ii) the parties or authorized agent (as in the case of government entity) and their counsel and counsel's secretaries and assistants;
(iii) experts, investigators or consultants retained by counsel to assist in the evaluation, preparation or testimony of this case; and
(iv) a witness who authored, received or can confirm the contents of document.

Furthermore any documents, files, records or others information designated by one party as "ATTORNEY'S EYES ONLY," shall not be disclosed at any time or for any purpose to Plaintiff, Hattie Finn-Carter, or to any other persons except those authorized above.

3. <u>Restricting Use To This Litigation</u>: Documents, files, records or other information designated as "CONFIDENTIAL" and/or "ATTORNEY'S EYES ONLY" shall be used only in the above-entitled litigation for the purpose of this litigation, and only in accordance with the terms of this stipulation and order.

4. <u>Disputed Designations</u>: Either party may contest at any time the designation by the other party of documents, files, records or other information as "CONFIDENTIAL" and/or "ATTORNEY'S EYES ONLY." Nothing in this order shall impair the right of any party to seek appropriate judicial review or relief with respect to any ruling of the Court made pursuant to this order.

5. <u>Request to Disclose to a Prohibited Person</u>: In the event either party desires to exhibit or disclose "CONFIDENTIAL" and/or "ATTORNEY'S EYES ONLY" documents, files, records or other information, to persons prohibited by this stipulation, the moving party shall meet and confer with opposing counsel in an attempt to reach an agreement. If an agreement cannot be reached by the parties, the moving party shall file the appropriate motion with the court seeking relief from this stipulation and order.

6. <u>Duration</u>: All documents, files, records and other information designated "CONFIDENTIAL" and/or "ATTORNEY'S EYES ONLY" shall remain so until the Court specifically rules otherwise, including during the period a designation is disputed or a request to disclose to a person is disputed.

7. <u>Pleadings and Other Court Filings</u>: If counsel for either party refers to materials marked "CONFIDENTIAL" and/or "ATTORNEY'S EYES ONLY" in motion papers or pleadings filed with the Court, counsel must protect the confidentiality of those materials, may not quote or include those materials in public filings, but may file any documents under seal pursuant to the Court's rules and procedures, and in accordance with this stipulation and order.

8. <u>Use at Trial</u>: In the event any party desires to exhibit documents or disclose material covered under this stipulation to witnesses during trial or pretrial proceedings, such party shall meet and confer with opposing counsel to reach an agreement, in accordance with the Court's rules and procedures, on an appropriate method for disclosure. If the parties cannot reach an agreement, the dispute shall be submitted to the Court.

9. <u>Return of Documents</u>: At the conclusion of this litigation, the parties shall return to the disclosing party all documents marked "CONFIDENTIAL" and/or "ATTORNEY'S EYES ONLY" upon request.

10. <u>Unauthorized Disclosure</u>: If the Court finds that either party is responsible for the unauthorized disclosure of any "CONFIDENTIAL" and/or "ATTORNEY'S EYES ONLY" documents, files, records or information relating to this lawsuit, the parties and counsel may be subject to sanctions.

11. <u>Modification of this Order</u>: This order is subject to modification pursuant to motion procedures by either party.

Dated: August 2, 2006

Respectfully submitted,

DENNIS J. HERRERA
City Attorney

By:_____/s/_____
   LISA B. BERKOWITZ
   Deputy City Attorney
   Attorneys for Defendant

Dated:_____

By:_____
   FANIA E. DAVIS
   Attorney for Plaintiff
   Hattie Finn-Carter

**ORDER**

THE STIPULATION above regarding a protective order to govern disclosure of confidential and attorney's eyes only materials is HEREBY ORDERED.

Dated: \_\_August 3, 2006_____ _____
   JEFFREY S. WHITE
   UNITED STATES DISTRICT COURT JUDGE